IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARYAL V. CLAY, *ET AL.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Case No: 06-707 (R.R.) |
| ) | |
| THE SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *ET AL.,* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' FED. R. CIV. P. MOTION 6(b)(2) FOR <u>AN EXTENSION OF TIME TO FILE AN OPPOSITION</u>**

Defendants (hereafter "Libya") oppose plaintiffs' Fed. R. Civ. P. Motion 6(b)(2) for an extension fo time to file an opposition and further move for a request that Libya's motion to dismiss for lack of subject-matter jurisdiction, personal jurisdiction and in the alternative for failure to state claims be considered as conceded and plaintiffs' complaint be dismissed. Libya's motion to dismiss was filed on January 15, 2007.

Plaintiffs' motion for an extension of time is mostly based on misstatements of facts, unrelated summaries of acts with no bearing on whether the motion should be granted and misinterpretation of precedent. The motion has only one correct point when plaintiffs' concede that "it was Plaintiffs' sole responsibility to meet the filing deadline for the Opposition to Defendants' . . . Motion to Dismiss". (Plt. Mot. at 1). The remainder of plaintiffs' motion for extension is mostly erroneous.

Plaintiffs first assert that as government-to-government settlement discussions continue they "expected the stay would be extended, as it had been seven times prior." Plaintiffs then assert that they "presumed if Libya had a change of governmental policy during the previous

stay and was no longer willing to extend the stay, Libya would have so noticed the Plaintiffs . . .". Plaintiffs "presumed" incorrectly. Libya is not under any obligation to contact plaintiffs to notify them that their time to file an opposition is about to expire. As plaintiffs concede it is their sole responsibility to adhere to the schedule established by an Order of the Court.[1]

Plaintiffs argument also fails in that Plaintiffs did not contact Libya to seek consent for a new enlargement of time to file their opposition to Libya's motion to dismiss until June 4, 2007 which was **9 days after the expiration** of the enlargement granted by the Court and as established by the Court's briefing schedule. Plaintiffs conveniently ignore this fact and continue as if they had contacted Libya to seek an extension in a timely fashion and were somehow blind sided by Libya's refusal to consent to an extension. Plaintiffs, throughout their motion, also further ignore the fact that the that previous requests for consent for an extension of time were all made in a timely fashion. Plaintiffs assert that they are surprised by the fact that Libya has not consented to an extension when they failed to seek consent in a timely manner and only made such a request nine days after the expiration of their time. While they may be surprised, such a surprise is not an adequate reason and the Court should deny plaintiffs' motion and should further dismiss plaintiffs complaint.

Plaintiffs also are under the delusion that by sending an exparte e-mail to Libya's counsel regarding a motion for a 14 day extension they would somehow be able to violate the order of the Court establishing the briefing schedule. Libya does not have any obligation to accommodate the plaintiffs when they have unjustifiably missed the deadline for filing of the

---

[1] There are currently no settlement negotiations specifically regarding the above captioned matter.

responsive pleading. Plaintiffs e-mail was unsolicited and consent was not given at any time for filing of an motion for a 14 day extension or an extension for plaintiffs to file their opposition to Libya's motion to dismiss.

Plaintiffs also assert that the Court would render inconsistent decision on identical questions of law based on identical pleading allegation raised in four pending, related cases. (Plt. Mot. at 2). Plaintiffs then cite the consolidated case of <u>Beecham v. Socialist People's Libyan Arab Jamahiriya</u>, Civil Case No. 01-2243. This assertion borders on the absurd. The Court may take judicial notice that none of the plaintiffs' counsels in the Beecham case have missed a deadline established by that Court for of filing their responsive pleadings and consequently there is no identical questions of law in common here with <u>Beecham</u>. The issue in this case is solely the irresponsibility of plaintiffs to timely file their opposition to Libya's motion to dismiss.

Plaintiffs also attempt to use a host of feeble reasons as excuses for missing their deadline or for seeking a timely consent for a further extension. Although the date of May 26, 2007 is a Saturday plaintiffs did not seek to contact Libya's counsel on Friday, May 25, 2007. Plaintiffs also failed to contact Libya on May 28, 2007 which is the first business day after the expiration of their deadline. In pages 4 to 8 of the motion for extension, plaintiffs' counsel summarizes the various excuses (such as writing letters, or being an academic conference or misconstruing the Court's scheduling order). Plaintiffs, however, do not provide a single valid reason for missing the deadline for filing of an opposition by nine days.

As noted in Libya's opposition to plaintiffs' motion for 14 day extension both the relevant Federal Rules of Civil Procedure as well as the Local Rules for the District of Columbia require a dismissal of plaintiffs' complaint. Rule 6, in relevant part, states:

3

> **RULE 6.   TIME**
>
> **(a) . . .**
>
> **(b) Enlargement.**  When by these rules or by a given notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged <u>if request therefore is made before the expiration of the period originality prescribed</u> or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permitting the act to be done where the failure to act was the result of excusable neglect; . . .

Rule 6(b), Fed. R. Civ. P. (*emphasis added*).

Plaintiffs did not make a request for the enlargement of the time prior to the expiration of the time to file their opposition to Libya's motion to dismiss on May 26,2007 (enlargement previously granted by Minute Order on April 3, 2007 by the Court).

Plaintiffs repeatedly assert that they presumed that a further extension would be available. This presumption is simply incorrect.  Plaintiffs failed to even attempt to ascertain whether such a presumption was correct.  Furthermore, plaintiffs transparent attempts to link the above captioned case with the <u>Beecham</u> case pending before the District Court is misplaced.  In this case plaintiffs have missed their deadline for filing their opposition while no such infringement exists in <u>Beecham</u>.[2]

Plaintiffs also assert incorrectly that even if the motion for extension is denied they are entitled to an extension to file their opposition due to "excusable neglect".  In support for this erroneous assertion plaintiffs cite <u>Pioneer  Inv. Serv. Co. v. Brunswick Assocs. P'Ship</u>, 507 U.S.

---

[2] Plaintiffs also assert Libya "has always know it was Plaintiffs' intention to file an Opposition".  It is unclear how plaintiffs can imagine that this assertion may absolve plaintiffs from meeting the deadlines established by the Court.

380, 392 (1993). Their reliance on Pioneer is misplaced as the Court in that case held that "[II]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control fo the movant." Id.

Here it is unquestionable that the omission was not caused by circumstances beyond the control of the plaintiffs but all other reasons asserted are inexcusable. Plaintiffs' assertion that there are ongoing settlement negotiations is now false.

Plaintiffs' simply conclude that "an extension of time it is entirely reasonable and appropriate". This is untrue and without any support. It is reasonable to expect plaintiffs to adhere to the schedule established by the Court and to seek timely consent if they intend to seek a further extension. It is only appropriate for the Court to deny plaintiffs motion for an extension and to dismiss plaintiffs' complaint when plaintiffs have missed their deadline for filing of an opposition and did not even attempt to contact Libya's lawyer for an extension until 9 days after the expiration of their deadline. Plaintiffs have not provided a single reason which would demonstrate an excusable neglect. While they have wasted four pages recounting what they did prior to contacting Libya 9 days after the expiration of their deadline, none of the activity recounted can explain why plaintiffs did not attempt to contact Libya's counsel in a timely manner.[3]

As plaintiffs have not advanced any cause or demonstrated that the failure to act was the

---

[3]Plaintiffs needlessly waste time by recounting various contacts and communications with State Department officials. While none of the contacts and communications listed can in any way explain why plaintiffs did not act until nine days after the expiration of their time it is necessary to remind plaintiffs that the Court is a separate branch of the United States Government and while plaintiffs may communicate with important officials within the Executive Branch they are still obligated to adhere to and abide by the schedule established by the Court.

result of an excusable neglect the Local Rules also require that the Court dismiss plaintiffs complaint.  LCvR 7, in relevant part, states:

> **LCvR 7.  MOTIONS**
>
> **(a) . . .**
>
> **(b) Opposing Points and Authorities.**  Within 11 days of the date of service or such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

The rule require that the Court treat Libya's motion to dismiss as conceded by the plaintiffs due to their failure to file a timely opposition.

Finally plaintiffs assert that Libya's motion to dismiss will fail even if unopposed.  This is nonsense and plaintiff wastes another four pages impermissibly arguing Foreign Sovereign Immunity Cases from the District of Columbia Circuit.  None of those cases even discuss the issue of when plaintiffs' counsel fail to file an opposition to a motion to dismiss.  Plaintiffs do not, and cannot, cite a single case where an omission to file an opposition to an assertion of foreign sovereign immunity (amongst other grounds) has not resulted in dismissal of the complaint.  Plaintiffs' motion starts with the difficult proposition that the Court should excuse plaintiffs' inexcusable negligence and allow plaintiffs to file an opposition out of time.  Yet miraculously plaintiffs conclude their motion by the absurd and unprecedented proposition that despite failing to file a timely opposition the Court should (even if it does not grant plaintiffs motion) should on it own find that Libya's motion to dismiss for lack of subject-matter jurisdiction, lack of constitutional personal jurisdiction and for failure to state a claim should be

granted and plaintiffs' flimsy complaint should continue to trial. As plaintiffs do not provide any support for this proposition it should be denied.

Courts have held that a party that fails to address an issue in their responsive pleading concedes that issue. *See* United States v. Real Property Identified As: Parcel 03179-005R, 287 F.Supp.2d 45, 61 (D.D.C. 2003) ("If the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded.") (internal citation omitted). In this case plaintiffs have entirely failed to file an opposition in a timely manner and thus have conceded Libya's entire motion to dismiss.

## **CONCLUSION**

The Court should deny plaintiffs' motion for an extension of time to file an opposition and treat Libya's motion to dismiss as conceded. The Court should further dismiss plaintiffs' complaint. A proposed order is attached hereto.

Dated:        June 29, 2007                              Respectfully submitted,

                                                          ‗‗//s//‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗
                                                          Arman Dabiri
                                                          Law Offices of Arman Dabiri
                                                                  & Associates, P.L.L.C.
                                                          1725 I Street, N.W.
                                                          Suite 300
                                                          Washington, D.C. 20006
                                                          Tel. (202) 349-3893
                                                          E-mail: armandab@worldnet.att.net

                                                          *Counsel for Libyan Government Defendants*