# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Daryal V. Clay, : | |
| et al., : | |
|     Plaintiffs : | |
| : | CV 06-0707 (RWR) |
| v. : | |
| SOCIALIST PEOPLE'S LIBYAN : | |
| ARAB JAMAHIRIYA (Libya) : | |
| et al. : | |
|     Defendants : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE CERTAIN PORTIONS OF DEFENDANTS' REPLY MEMORANDUM**

Pursuant to Fed. R. Civ. P. 12(f), the Plaintiffs move to strike certain portions of Defendants' Reply Memorandum, filed on September 26, 2007. Defendants' Reply memorandum is largely composed of a single argument, regarding a statute of limitations defense, that was not raised in either the Motion to Dismiss or Plaintiffs' Opposition to the Motion to Dismiss. The Plaintiffs state the following in support of their Motion:

> The Court highly disfavors parties creating new arguments at the reply stage that were not fully briefed during the litigation. Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. [*44] FDIC, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (noting that Defendant "raised its third argument for the first time in its reply brief and the court will not consider it in deciding the motion to dismiss."); see also Carbino v. West, 168 F.3d 32, 34 (Fed. Cir. 1999) ("There are cogent reasons for not permitting an appellant [**16] to raise issues or arguments in a reply brief.") (citing appellate cases for this proposition).

Public Citizen Health Research Group v. NIH, 209 F. Supp. 2d 37, 44 (D.D.C. 2002). The entire reply is therefore immaterial to the substance of the motion to dismiss and should be stricken.

Defendants support their ability to raise this argument with the mistaken assertion that the statute of limitations issue is a subject matter jurisdiction defense and must be decided as a threshold matter. A statute of limitations defense, however, is actually recognized as an affirmative defense by the only case cited by the Defendants in support of their argument that a new argument may be raised in a reply brief. Harris v. Secretary, United States Dep't of Veterans Affairs, 126 F.3d 339, 345 (D.C. Cir. 1997). The statute of limitations defense is an affirmative defense, which means it can be waived by a defendant; it is not a jurisdictional matter.

The D.C. Circuit recognized this distinction when it ruled a district court must first determine whether subject matter jurisdiction exists over a foreign state under the Foreign Sovereign Immunities Act ("FSIA") before it could consider the issue of a statute of limitations defense. Crist v. Republic of Turkey, 1997 U.S. App. LEXIS 749 at *9 (D.C. Cir. 1997).

> Since we conclude that there is no basis for us to exercise jurisdiction over the merits of this dispute at this point, we do not address the district court's ruling that appellants' claims are barred by the statute of limitations. Instead, we reverse this ruling and if on remand the district court determines that jurisdiction exists, then the court should also make the findings of fact necessary to establish whether the statute of limitations bars appellants' claims.

Id. The statute of limitations defense is not a jurisdictional matter under the FSIA either and the Court may freely decide whether it is able to assert subject matter jurisdiction without bothering to examine Defendants' inappropriately-raised defense of statute of limitations.

The sole case cited by Defendants to support their ability to raise an entirely new argument in a reply memorandum is Harris v. Secretary, United States Dep't of Veterans Affairs, 126 F.3d 339 (D.C. Cir. 1997). (Reply Mem. at 5-6). The Defendants have

2

misread Harris in several fundamental ways. Not only is the issue before the Court – whether a reply memorandum may contain an entirely new argument that was not raised in the motion to dismiss or the opposition thereto – completely absent from Harris but the Defendants also attribute a conclusion of law to the Harris court that the Harris court explicitly rejected.

The portion of Harris cited by Defendants examined the issue of whether a defendant might be able to raise an affirmative defense in a responsive pleading. 126 F.3d at 345. Harris did not expend a single word of analysis upon whether an entirely new argument may be raised in a reply memorandum. The Harris decision analyzed whether an affirmative defense may be raised in a dispositive motion for the first time. Id. at 342-44.

Secondly, the Harris panel's conclusion is directly opposite of that which the Defendants have stated. "[O]ur Circuit has recognized, in reliance upon such practice in other Circuits,[1] that it may be permitted to raise such a defense in dispositive motions

---

[1] The Defendants' initial error – that the Harris court decided to allow the raising of affirmative defenses for the first time in a responsive – prompted another second error, that the Harris decision:

> Harris relied upon the following Blaney v. United States, 34 F.3d 509, 512 (7th Cir. [**14] 1994) (unpled untimeliness defense could be raised in motion to dismiss); Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993) (affirmative defense may be raised at summary judgment absent prejudice) Moore, Owen, Thomas & Co. v. Coffey, 992 F.2d 1439, 1445 (6th Cir. 1993) (affirmative defense may be raised in response to summary judgment motion); Ball Corp. v. Xidex Corp., 967 F.2d 1440, 1443-44 (10th Cir. 1992) (raising affirmative defense in summary judgment motion preserved defense for trial three months later).

(Mem. at 6 n.5). Harris rejected the practice in these circuits, 126 F.3d at 345, and instead adopted a practice similar to that of the Fifth Circuit:

> In order to preserve the notice purpose of Rule 8(c) and the discretionary structure of Rule 15(a), we hold that HN6Rule 8(c) means what it says: a party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion. The Fifth Circuit has interpreted Rule 8(c) similarly. See Ashe v. Corley, 992 F.2d 540, 545 n.7 (5th Cir. 1993); Funding Systems Leasing Corp. v. Pugh, 530 F.2d 91, 96 (5th Cir. 1976) (unpled affirmative defense cannot be raised on summary judgment unless summary judgment motion is first responsive pleading).

3

where 'no prejudice is shown.'" (Reply Mem. at 5-6) (citing Harris, at 345). While Harris recognized a different practice in other circuits, as the quote indicates, Harris then rejected the practice from the other circuits. Id. "In order to preserve the notice purpose of Rule 8(c) and the discretionary structure of Rule 15(a), we hold that Rule 8(c) means what it says: a party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion." Id. Harris states the exact opposite of what the Defendants have represented, which is irrelevant to the issue of whether a reply memorandum may raise a new defense that is absent from the motion to dismiss or opposition.

## CONCLUSION

For the above reasons, the Plaintiffs respectfully request the Court strike the portions of Defendants' Reply Memorandum to Plaintiffs' Opposition to Defendants' Motion to Dismiss that pertain to a statute of limitations defense.

Dated: October 11, 2007                                    Respectfully submitted,


                                                            /s/ Steven R. Perles
                                                            Steven R. Perles
                                                            Perles Law Firm, PC
                                                            1146 19th Street, NW, Fifth Floor
                                                            Washington, DC  20036
                                                            Telephone:  202-955-9055
                                                            Telefax:  202-955-3806

                                                            Counsel for Plaintiffs

---

Id.