IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARYAL V. CLAY, *ET AL.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Case No: 06-707 (RWR) |
| ) | |
| THE SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *ET AL.,* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO STRIKE CERTAIN PORTIONS OF DEFENDANTS REPLY MEMORANDUM**

Defendants (hereafter "Libya") oppose plaintiffs' Fed. R, Civ. P. 12 (f) Civ. P. Motion to strike certain portions of Libya's reply memorandum. Plaintiffs' motion is without merit and should be summarily denied by the Court.

**ARGUMENT**

Plaintiffs commence their motion by citing a single opinion which holds that courts disfavor new arguments in a reply. Public Citizen Health Research Group v. NIH, 209 F.Supp.2d 37, 43-44 (D.D.C. 200).

Plaintiffs however ignore the history of the above captioned case. Libya filed its motion to dismiss in February of 2007. Plaintiffs have repeatedly sought extensive delays in filing of their opposition and consequently intervening case law regarding the subject-matter jurisdiction of the Court now exists which did not exist when Libya filed its motion to dismiss. *See* Buonocore v. Great Socialist People's Libyan Arab Jamahiriya, __ F.3d__, 2007WL2007509 (D.D.C. 2007).

Plaintiffs also recently failed to file a timely request for an enlargement of time to file

their opposition and missed the deadline established by the Court for opposition Libya's February 2007 motion to dismiss.

Plaintiffs' motion is also based on the unquestionably erroneous interpretation of the FSIA and the assertion that the Terrorism Amendment's statue of limitations (within the FSIA) is a substantive defense. Plaintiffs willfully ignore that the FSIA is a purely jurisdictional stature. In Price v. Socialist People's Arab Jamahiriya, 294 F.3d 82, 87 (D.C. Cir. 2002) the Court held that "[t]he FSIA is undoubtably a jurisdictional stature which, in specific cases, eliminates foreign sovereign immunity and opens the door to subject matter jurisdiction in federal courts. *See First Nat'l city Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611, 620, 103 S.Ct. 2591, 2596-97, 77 L.Ed.2d 46 (1983).*" *Id*. The 1996 Amendment to the FSIA, a purely jurisdictional amendment also contains the jurisdictional statute of limitations as subsection (f) of section 1605. 28 U.S.C. § 1605(f). Cicippio-Puleo v. Islamic Republic of Iran, 353 F.3d 1024, 1033 (D.C. Cir. 2004). To argue that this limitation on the Court's subject-matter jurisdiction is an affirmative defense is simply wrong.

In support of their position that the issue of the statute of limitations contained in the FSIA is not a threshold jurisdictional issue (and arguing that the Court must decide subject-matter jurisdiction before considering the issue of a statute of limitations defense) the plaintiffs cited a single unpublished opinion from 1997 which does not deal with the statue of limitations restriction of § 1605(f). Crist v. Republic of Turkey, 107 F.3d 922 (D.C. Cir. 1997). Crist only deals with a state statute of limitations restriction where as Libya's position is based on a statutory statute of limitation contained within the FSIA and is a section of the 1996 Terrorism Amendment to the Foreign Sovereign Immunities Act. Plaintiffs are obviously confused

between the application of state statutory application of statue of limitations and the specific statutory statute of limitation provision of the 1996 Terrorism Exception to the Foreign Sovereign Immunities Act.

Plaintiffs also do not address the Supreme Court case cited by in Libya's reply which has unquestionably held that a statute of limitations, as a condition of a waiver of sovereign immunity, is a jurisdictional bar to the plaintiffs' suit in this case. Henderson v. United States, 517 U.S. 654, 677 (1996) ("[W]e have long held that a statute of limitations attached to a waiver of sovereign immunity functions as a condition on the waiver and defines the limits of the district court's jurisdiction to hear a claim against the United States"). It is unclear how plaintiffs aim to circumvent the binding precedent holding that the FSIA is a purely jurisdictional statute. [1]

It is also unquestionable that the Court must decide whether it has subject-matter jurisdictional as a threshold matter. FW/PBS, Inc. v. City of Dallas, 492 U.S. 215, 231 (1990); Cross-Sound Ferry Servs., Inc., v. ICC, 934 F.2d 327, 339 (D.C. Cir. 1991). This obligation to determine whether subject-matter jurisdiction exists is mandatory upon the Court, even when the parties have not raised the jurisdictional question. Id. Libya has raised the specific statute of limitations jurisdictional issue in this instance in its reply due to plaintiffs' repeated requests for stays and enlargement of time for filing their opposition to Libya's motion to dismiss for lack of

---

[1] Plaintiffs entire motion is also illogical. At one point plaintiffs argue that the issue of statute of limitations is a substantive defense and not a jurisdictional threshold issue. If the Court were to accept this argument, Libya can clearly raise the issue of statute of limitations in its answer and as plaintiffs have not argued that the filing of their complaint was timely, the complaint would be dismissed at that stage based on the substantive defense of statute of limitations. Plaintiffs actually cannot save their complaint by asserting that the statute of limitation is an affirmative defense.

subject-matter jurisdiction.

As the issue of subject-matter jurisdiction is one that cannot be waived plaintiffs' have not suffered any prejudice. Libya may raise the issue at any stage and the Court itself has a stand alone obligation to consider the issue on its own.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the plaintiffs' motion to strike certain portions of Libya's reply memorandum. A proposed order is attached hereto.

Dated:      October 22, 2007                              Respectfully submitted,


                                                               //s//
                                           Arman Dabiri
Law Offices of Arman Dabiri
    & Associates, P.L.L.C.
1725 I Street, N.W.
Suite 300
Washington, D.C. 20006
Tel. (202) 349-3893
E-mail: armandab@worldnet.att.net

*Counsel for Defendants*

4