IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARYAL V. CLAY, *ET AL.*,                    ) | |
|                                               ) | |
|       Plaintiffs,            ) | |
|                                               ) | Civil Case No: 06-707 (RWR) |
|                                               ) | |
| THE SOCIALIST PEOPLE'S LIBYAN       ) | |
| ARAB JAMAHIRIYA, *ET AL.,*               ) | |
|                                               ) | |
|       Defendants.             ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO AMEND COMPLAINT AND REQUEST
FOR DENIAL OF DEFENDANTS' MOTION TO DISMISS**

Defendants, the Socialist People's Libyan Arab Jamahiriya and the Libyan External Security Organization (hereafter "Libya") oppose plaintiffs' motion to amend their complaint and further oppose plaintiffs' request for an "expedited" denial of Libya's motion to dismiss. Libya, however, reserves all defenses and issues relating to the 2008 amendment to the Foreign Sovereign Immunities Act, codified as 28 U.S.C. § 1605(A), in the event that the Court grants plaintiffs' motion for leave to amend the complaint.

**I.      28 U.S.C. § 1605(A) Unconstitutional**

Plaintiffs correctly review the history of the newly enacted 28 U.S.C. § 1605(A) which was passed by Congress as § 1083 of the Fiscal Year 2008 National Defense Authorization Act and signed into law by the President of the United States on January 28, 2008 (hereafter "2008 Amendment"). Libya will not burden the Court in this opposition with a detailed recapitulation

of the enactment of the 2008 Amendment.

The 2008 Amendment's retroactive application, based on Libya's designation as a state sponsor of terrorism by the Executive branch is unconstitutional on its face and plaintiffs' motion to amend their complaint based on the 2008 Amendment should be denied. Congress may not delegate to the Executive Branch authority to determine, in its unreviewable discretion, the subject-matter jurisdiction of federal courts in suits against foreign sovereign states. The 2008 Amendment to the FSIA, under which the plaintiffs intend to amend their complaint, violates the doctrine of separation of powers.

Art. I, Sec. 1 of the Constitution of the United States grants to the Legislative Branch the <u>exclusive</u> power to establish the subject-matter jurisdiction of federal courts, or to withdraw or limit any jurisdiction previously granted.

In this case the designation of Libya by the Secretary of State as a "state sponsor of terrorism, an unreviewable <u>political</u> decision, confers expanded subject-matter jurisdiction (competence) on this Court, and purportedly allows plaintiffs to amend their complaint in the mid-litigation. The 2008 Amendment to the FSIA involves the Court in carrying out unreviewable foreign policy political decisions made by the Executive and no support may be found in either Arts. I or III of the Constitution for such encroachment on the separation of powers.

**II.    Libya's Motion to Dismiss Should be Granted**

Plaintiffs also seem to be completely oblivious to the history of this case. While plaintiffs are under the mistaken belief that Congress may retroactively decide the issue of statute of limitations for the Court, the Court has yet to rule whether it has subject-matter

jurisdiction to decide the above captioned case.[1]  Libya's motion to dismiss listed numerous grounds for dismissal of plaintiffs' complaint.  Even assuming plaintiffs' current assertion that the 2008 Amendment to the FSIA is not unconstitutional and Congress, despite the violation of Separation of Powers, can take on the role of the judiciary and can decide the issue of statute of limitations rather than the Court, plaintiffs' motion must still be dismissed on another ground.

Libya's motion to dismiss has challenged the validity of the facts asserted by the plaintiffs which allegedly give rise to the Court's subject-matter jurisdiction.  Despite the amendment to the FSIA, the Court <u>must</u> still decide whether the plaintiffs' allegations meet the requirements of an exception to sovereign immunity under the Foreign Sovereign Immunities Act (either <u>28 U.S.C. § 1605(a)(7)</u> or <u>28 U.S.C. § 1605(A)</u>).

Plaintiffs, in response to Libya's motion to dismiss, have not provided any evidence in support of the factual allegations which have been presented in plaintiffs' complaint and purport to from the basis for an the exception to foreign sovereign immunity allowing for the Court to exercise subject-matter jurisdiction over Libya.  Such a failure is clearly a concession by the plaintiffs that their allegations are without merit and the new 2008 Amendment to the FSIA cannot save the plaintiffs' complaint.  The Court must still decide whether it can exercise subject-matter jurisdiction as a threshold matter.  <u>FW/PBS, Inc. v. City of Dallas</u>, 492 U.S. 215, 231 (1990);  <u>Cross-Sound Ferry Servs., Inc., v. ICC</u>, 934 F.2d 327, 339 (D.C. Cir. 1991).

When Libya challenges the facts upon which the Court's subject-matter jurisdiction

---

[1] The Court may note that the it has also not yet held whether it has subject-matter jurisdiction to decide another case arising out of the identical incident and set of facts.  <u>See</u> <u>Beecham, *et al.* v. Socialist People's Libya Arab Jamahiriya, *et al.*</u>, Civil Case No. 01-2243 (RWR).

3

depends, the Court may not assume the truth of the plaintiffs' allegations and "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon which the motion to dismiss." Price v. Socialist People's Libyan Arab Jamahiriya, 389 F.3d 192, 198 (D.C. Cir. 2004) (*quoting* Phoenix Consulting v. Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000)). Consequently, plaintiffs' "expedited" request for denial of Libya's motion to dismiss is without any legal basis and should be denied outright.[2] Plaintiffs' motion would seem to argue that they may assert any allegation, regardless of how ridiculous and without an evidentiary support, and the Court must decide its judicial competence based on such allegations. Price contradicts plaintiffs' understanding of the law and plaintiffs have thus far failed to provide any evidence in support of their allegations. Id. The Court should deny plaintiffs' request to deny Libya's motion to dismiss and dismiss plaintiffs' complaint for lack of subject-matter jurisdiction.[3]

Libya reserves all and any other issues if the Court grants plaintiffs' motion to amend their complaint.

---

[2] Plaintiffs assertion that Libya's Fed. R. Civ. P. 12(b)(6) defense is now without merit due to the 2008 amendment to the FSIA is without merit and will be addressed if the Court allows plaintiffs' to amend their complaint.

[3] Plaintiffs' motion also argues that they should be allowed to amend their complaint based on the appeals which Libya has sought in other cases under the FSIA. Plaintiffs, however, do not argue that any appeals have been brought in the instant case. Consequently the argument is without any merit and should not be considered by the Court. Libya explicitly denies plaintiffs' allegation that any appeal in an case has been filed improperly or frivolously. Plaintiffs assertion that Libya's appeals in other cases have been frivolous (presumably also in cases where the Court of Appeals has overturned all or portions of district court holdings) is a nonsensical argument.

## **CONCLUSION**

For the foregoing reasons the Court should deny plaintiffs' motion to file an amended complaint. The Court should further deny plaintiffs' request for an expedited denial of defendants' motion to dismiss. A proposed order is attached hereto.

Dated:        February 19, 2008                    Respectfully submitted,


                                                                    //s//
                                                    Arman Dabiri
                                                    Law Offices of Arman Dabiri
                                                            & Associates, P.L.L.C.
                                                    1725 I Street, N.W.
                                                    Suite 300
                                                    Washington, D.C. 20006
                                                    Tel. No. (202) 349-3893
                                                    E-mail: armandab@worldnet.att.net

                                                    *Counsel for defendants*