UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Daryal V. Clay : <br> 311 Verdun Drive : <br> Clarksville, TN 37042 : <br> : <br> et al. : <br> : <br>       Plaintiffs : <br> : <br> v. : <br>     : CV 06-0707 (RWR) <br> SOCIALIST PEOPLE'S LIBYAN : <br> ARAB JAMAHIRIYA (Libya) : <br> : <br> et al. : <br> : <br>       Defendants : | |

**REPLY TO DEFENDANTS' OPPOSITION**

On January 31, 2008, pursuant to Fed. R. Civ. P. 15(a), Plaintiff moved the Court for leave to amend their complaint based upon a change in controlling law and to expeditiously deny Defendants' Motion to Dismiss. Defendants filed an Opposition on February 19, 2008 that argued:

- the National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 1083 (2008), is facially unconstitutional; (Opp. at 1-3), and

- Plaintiffs' subject matter jurisdiction allegations, already accepted by this Court as a sufficient basis for the exercise of subject matter jurisdiction in <u>Beecham v. Socialist People's Libyan Arab Jamahiriya</u>, CA 01-2243, are "ridiculous." (Opp. at 2-4).

These defenses, which are specious, are defenses to the amended complaint and inapplicable to the motion for leave to amend, which is why the Defendants begin their Opposition by reserving "all defenses and issues relating to the 2008 amendment to the Foreign Sovereign Immunities Act". (Opp. at 1). Plaintiffs have a right under the new law to file an amended complaint "by motion". Pub. L. No. 110-181, § 1083(c)(2)(A).[1]

Plaintiffs filed their motion for leave to amend the complaint pursuant to the Defense Authorization Act. Pursuant to Pub. Law. No. 110-181, Sec. 1083(c)(2)(A) the Court may then deem this action to be given the effect "if it had originally been filed under section 1605A(c), in accordance with the newly enacted legislation. Public Law No. 110-181, Sec. 1083(c)(2)(A) provides in pertinent part that with regard to its application to pending cases, for any prior action, such as the one that is currently before the Court, that if that action was originally brought pursuant to old section 28 U.S.C. § 1605(a)(7) or section 101(c) of Division A of Public Law 104-208, known as the "Flatow Amendment" 28 U.S.C. § 1605 note, and relied on those provisions to create a cause of action, and was adversely affected on the grounds that § 1605(a)(7) or the Flatow Amendment failed to create a cause action and is before the courts in any form, then on a motion made by the plaintiffs, in the district court where the action was initially entered,

---

[1] Plaintiffs also have a clear right under the Federal Rules of Procedure to do so without consent of the opposition. Fed. R. Civ. P. 15. Defendants have not yet filed a responsive pleading in this case:

> Rule 15(a) allows a party to "amend the party's pleadings once as a matter of course at any time before a responsive pleading is filed." FED.R.CIV.P. 15(a). As a motion to dismiss is not ordinarily considered a "responsive pleading" under Rule 15(a), see Glenn v. First Nat'l Bank in Grand Junction, 868 F.2d 368, 370 (10th Cir.1989), appellants could have amended their complaint as of right prior to the court's decision on the motions.

Confederate Memorial Ass'n, Inc. v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993). Even if Defendants raised substantive arguments against the filing of an amended complaint in their opposition, Plaintiffs' amended complaint may be filed as a "matter of course."

be given effect as if such action had been originally filed under § 1605A(c). Here, the action was originally brought by the Plaintiffs pursuant to § 1605(a)(7). These Plaintiffs' claims were adversely affected when the D.C. Circuit ruled there was no federal cause of action pursuant to the Flatow Amendment. Cicippio-Puleo v. Islamic Republic of Iran, 353 F.3d 1024, 1034 (D.C. Cir. 2004). Accordingly, as this case remains pending before this Court, pursuant to the new legislation, the Plaintiffs may make a motion to this Court to request that this action be given the effect as having been originally filed under 28 U.S.C. § 1605A(c). In making their within Motion for Leave to File an Amended Complaint, Plaintiffs are effectuating this request as explicitly required under the new legislation.

While Plaintiffs do not believe Defendants' arguments from their Opposition should be weighed at this stage as Rule 15(a) allows Plaintiffs to file the amended complaint without the consent of opposing counsel, (see p. n.1 supra), it is clear Defendants' arguments are specious. Defendants argue that the new law is an unconstitutional delegation to the Executive branch of Congress' Article III power to alter the subject matter jurisdiction of federal courts. The new law defines a state sponsor of terrorism by reference to the Secretary of State's state sponsor of terrorism designation mechanism:

> [T]he term 'state sponsor of terrorism' means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)), section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371), section 40 of the Arms Export Control Act (22 U.S.C. 2780), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism . . . .

110 P.L. 181, § 1083(h)(6). This was the same definition of a "state sponsor of terrorism" as used by 28 U.S.C. § 1605(a)(7), which also utilized the Secretary of State's

3

state sponsor of terrorism designation mechanism. Defendants now argue the Secretary of State's state sponsor of terrorism designation mechanism creates subject matter jurisdiction and the new law therefore unconstitutionally delegates Congress' legislative power to the Executive. Libya's argument raised this exact argument before against the use of the same state sponsor of terrorism designation mechanism, then found in § 1605(a)(7), in Rein v. Socialist People's Libyan Arab Jamahiriya. The Second Circuit dismissed this argument regarding the constitutionality of section 1605(a)(7). Rein v. Socialist People's Libyan Arab Jamahiriya, 162 F.3d 748, 763-64 (2d Cir. 1998). The Rein court found that jurisdiction over the defendant state sponsor of terrorism existed upon the passage of section 1605(a)(7) -- not as a result of any act by the Secretary of State -- because the defendant foreign nation was already listed as a state sponsor of terrorism. Id. at 764. Several courts in this Circuit have followed the Rein decision. Simpson v. Socialist People's Libyan Arab Jamahiriya, 180 F. Supp. 2d 78, 86 (D.D.C. 2001) (citing Rein to confirm the constitutionality of the state sponsor of terrorism designation mechanism in section 1605(a)(7)); Daliberti v. Republic of Iraq, 97 F. Supp. 2d 38, 51 (D.D.C. 2000) (citing Rein to confirm the constitutionality of the state sponsor of terrorism designation mechanism in section 1605(a)(7)); Frey v. Socialist People's Libyan Arab Jamahiriya, 110 F. Supp. 2d 10, 13 (D.D.C. 2000) (citing Rein to confirm the constitutionality of the state sponsor of terrorism designation mechanism in section 1605(a)(7)). The existing precedent is consistent in the following respect: if the Secretary of State did not have to act after 1996 to create subject-matter-jurisdiction under section 1605(a)(7) over a state sp0onsor of terrorism, then the entire delegation doctrine issue may be avoided. The state sponsor of terrorism designation mechanism in

section 1605(a)(7) is the same as the one found in the new law therefore <u>Rein</u> and its progeny support the constitutionality of the new law.

Defendants then reargue their Motion to Dismiss, (Opp. at 2-4), which Plaintiffs showed in their Opposition to the Motion to Dismiss to have been largely rejected by existing precedent from the D.C. Circuit and this Court in <u>Beecham v. Socialist People's Libyan Arab Jamahiriya</u>, CA 01-2243.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant leave to amend their Complaint and to deny Defendants' Motion to Dismiss.

Dated: February 20, 2008                         Respectfully submitted,


                                                 **/s/ Steven R. Perles**
                                                 Steven R. Perles
                                                 Perles Law Firm, PC
                                                 1146 19th Street, NW, Fifth Floor
                                                 Washington, DC  20036
                                                 Telephone:  202-955-9055
                                                 Telefax:  202-955-3806

                                                 Counsel for Plaintiffs