```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                            )
DARYAL V. CLAY, et al.,     )
                            )
        Plaintiffs,         )
                            )
        v.                  )   Civil Action No. 06-707 (RWR)
                            )
SOCIALIST PEOPLE'S LIBYAN   )
ARAB JAMAHIRYA, et al.,     )
                            )
        Defendants.         )
_____)
```

### MEMORANDUM ORDER

Plaintiffs move for leave to file an amended complaint due to the January 28, 2008 amendment of the Foreign Sovereign Immunities Act ("FSIA") by the passage of the National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 1083 ("Defense Authorization Act").  Section 1083 of the Defense Authorization Act amends the FSIA by replacing 28 U.S.C. § 1605(a)(7) (the "state sponsored terrorism" exception), under which this cause of action was brought, with text now codified at 28 U.S.C. § 1605A.  Defendants oppose the motion, arguing that 28 U.S.C. § 1605A is unconstitutional and that their previously-filed motion to dismiss should be granted.

Plaintiffs' motion argues that under Federal Rule of Civil Procedure 15(a), leave to amend a complaint should be granted "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Plaintiffs raise for the first time in their reply the additional arguments that Rule 15(a) also allows a party to

- 2 -

"amend its pleading once as a matter of course . . . before being served with a responsive pleading[,]" Fed. R. Civ. P. 15(a)(1)(A), and that § 1083(c)(2)(A) of the Defense Authorization Act explicitly permits plaintiffs to move to have their complaint treated as if it had been originally brought under 28 U.S.C. § 1605A(c).  Ordinarily, arguments raised for the first time in a reply ought not to be considered, see Scott v. Office of Alexander, 522 F. Supp. 2d 262, 274 (D.D.C. 2007) (citations omitted), as plaintiffs themselves recognize.  (See Pls.' Mot. for Leave to File Am. Compl. at 5.)  In this case, plaintiffs' failure to raise these arguments in their opening motion does not change their right to amend their complaint. Defendants have served a motion to dismiss the complaint, but no responsive filing recognized by Rule 7(a) among the only filings considered as "pleadings."  See Confederate Memorial Ass'n v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993) ("[A] motion to dismiss is not ordinarily considered a 'responsive pleading' under Rule 15(a)[.]") (citation omitted); Gupta v. Northrop Grumman Corp., 462 F. Supp. 2d 56, 61 (D.D.C. 2006) (stating that a motion to dismiss is not a pleading).  The fact is that plaintiffs have a right to amend their complaint now as a matter of course without seeking leave to do so.  Their motion, then, is moot and the Clerk will be directed to docket the amended complaint.

- 3 -

Furthermore, defendants' pending motion to dismiss will be denied without prejudice as moot.  Accordingly, it is hereby

ORDERED that plaintiffs' motion for leave to amend the complaint [28] be, and hereby is, DENIED AS MOOT.  The Clerk is directed to file the plaintiffs' amended complaint, attached as an Exhibit to plaintiffs' motion, as of the date of this Order.  It is further

ORDERED that defendants' motion to dismiss [14] be, and hereby is, DENIED WITHOUT PREJUDICE.  It is further

ORDERED that plaintiffs' motion [25] to strike certain portions of defendants' reply to plaintiffs' opposition to defendants' motion to dismiss be, and hereby is, DENIED AS MOOT.

SIGNED this 3rd day of March, 2008.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge