UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DARYAL V. CLAY, *et al.*, | ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | 1:06-cv-00707-RWR |
| SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, *et al.*, | ) ) ) ) | |
| *Defendants*. | ) ) | |

**THE LIBYAN STATE DEFENDANTS' REPLY MEMORANDUM IN
SUPPORT OF THEIR RENEWED MOTION TO ENLARGE TIMES TO RESPOND**

The Libyan State Defendants respectfully submit this reply memorandum in support of their Renewed Motion to Enlarge and state as follows:

The original Motion to Enlarge was timely filed on March 14, 2008 ─ three days before the time to respond to the Amended Complaint and ten days before the time to respond to the Motion for Partial Summary Judgment. Therefore, the Federal Rule of Civil Procedure 6(b)(2) "excusable neglect" standard is inapplicable to the renewed Motion because the Libyan State Defendants did not "fail[] to act" within the specified period ─ they acted by filing the original Motion to Enlarge. The Court held, however, that no cause supported the original Motion to Enlarge based on a deficiency relating to the Motion to Substitute where the Court deemed that Motion "moot as the court did not appoint counsel." This deficiency was cured at the earliest opportunity through a Notice of Withdrawal ─ on March 27 ─ evincing that undersigned counsel was replacing Mr. Dabiri in this case. Given this remedial action, the Renewed Motion to Enlarge was appropriate. This is not a case where a party has missed a deadline ─ like *Smith*

*v. District of Columbia*, 430 F.3d 450, 456-57 (D.C. Cir. 2005) (where defendants filed summary judgment motion 15 months after the deadline and without moving pursuant to Rule 6(b)), as relied upon by Plaintiffs — and later files a motion to enlarge the time to respond, thereby triggering the Rule 6(b)(2) "excusable neglect" standard.

Even if applicable, the Rule 6(b)(2) standard is satisfied here. The D.C. Circuit applies the four factor equitable inquiry enunciated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993), to determine whether the standard is met: (1) "danger of prejudice to the [non-movant]," (2) "length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) the movant's good faith. *Accord Yesudian ex rel. U.S. v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (affirming the district court's holding that defendant, who had filed untimely pleading, met the Rule 6(b)(2) standard) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). All factors are met in this case.

Plaintiffs are not in danger of prejudice where they have moved for partial summary judgment before a responsive pleading to the Amended Complaint has been filed, before a ruling on subject-matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), and before any discovery. *See In re Papandreou*, 139 F.3d 247, 254-255 (D.C. Cir. 1998) ("[R]esolving a merits issue while jurisdiction is in doubt carries the courts beyond the bounds of authorized judicial action . . . and violates the principle that the first and fundamental question is that of jurisdiction.") (internal citations and quotation marks omitted); *First Chicago Int'l v. United Exch. Co., Ltd.*, 836 F.2d 1375, 1380-81 (D.C. Cir. 1988) (reversing district court's grant of summary judgment as "premature" where "virtually no discovery on the merits had occurred").

Moreover, after the Court denied the original Motion to Enlarge, undersigned counsel moved expeditiously to obtain written party consent to Mr. Dabiri's Local Civil Rule 83.6(b) Notice of Withdrawal. There is no question that undersigned counsel have acted in good faith ─ having represented that the enlargements sought are solely to allow new counsel sufficient time to adequately brief this high-stakes case and that undersigned counsel intend to proceed efficiently. This case is unlike *Biton v. Palestinian Interim Self-Government Authority*, 239 F.R.D. 1, 4 (D.D.C. 2006), as cited by Plaintiffs, where defendants' failure to file an answer was a carefully "selected strategy."

Furthermore, Plaintiffs' request that the Court default the Libyan State Defendants is wholly unwarranted, where the Defendants are present in this case, have been since its initiation in 2006, and have unequivocally stated that they stand ready and willing to respond to Plaintiffs' claims. *See* 28 U.S.C. § 1608(e) (2008) (providing that no default can be entered by a court against a foreign state unless the claimant establishes his claim or right to relief by evidence satisfactory to the court); *Practical Concepts, Inc. v. Republic of Bol.*, 811 F.2d 1543, 1552 (D.C. Cir. 1987) ("When a defendant foreign state has appeared and asserts legal defenses, albeit after a default judgment has been entered, it is important that those defenses be considered carefully and, if possible, that the dispute be resolved on the basis of [] all relevant legal arguments."); *Owens v. Republic of Sudan*, 374 F. Supp. 2d 1, 8 (D.D.C. 2005) (vacating default judgment against Sudan and noting that "the D.C. Circuit has stressed that an entry of default should not be applied inflexibly to deny a willing foreign state the opportunity to offer a full defense to an FSIA action"). Section 1608(e) of the FSIA requires the Court to satisfy itself that an adequate legal and factual basis exists for Plaintiffs' claims. Thus, the Court's analysis will undisputedly benefit from full briefing by all parties concerned.

For the foregoing reasons, the Libyan State Defendants respectfully request that the Renewed Motion to Enlarge Times to Respond be granted.

Dated:  March 31, 2008                            Respectfully submitted,

**WHITE & CASE** LLP

/s/ Christopher M. Curran
Christopher M. Curran (D.C. Bar No. 408561)
Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Nicole E. Erb (D.C. Bar No. 466620)
701 Thirteenth Street, N.W.
Washington, DC 20005
Tel.: (202) 626-3600
Fax: (202) 639-9355

*Counsel for the Libyan State Defendants*