# Exhibit A

**SEC. 1083. TERRORISM EXCEPTION TO IMMUNITY.**

(a) TERRORISM EXCEPTION TO IMMUNITY.—

(1) IN GENERAL.—Chapter 97 of title 28, United States Code, is amended by inserting after section 1605 the following:

**"§ 1605A. Terrorism exception to the jurisdictional immunity of a foreign state**

"(a) IN GENERAL.—

"(1) NO IMMUNITY.—A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

"(2) CLAIM HEARD.—The court shall hear a claim under this section if—

"(A)(i)(I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains

H. R. 4986—337

so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

"(II) in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 or is filed under this section by reason of section 1083(c)(3) of that Act, the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) (as in effect before the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104–208) was filed;

"(ii) the claimant or the victim was, at the time the act described in paragraph (1) occurred—

"(I) a national of the United States;

"(II) a member of the armed forces; or

"(III) otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and

"(iii) in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

"(B) the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

"(b) LIMITATIONS.—An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104–208) not later than the latter of—

"(1) 10 years after April 24, 1996; or

"(2) 10 years after the date on which the cause of action arose.

"(c) PRIVATE RIGHT OF ACTION.—A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to—

"(1) a national of the United States,

"(2) a member of the armed forces,

"(3) an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

"(4) the legal representative of a person described in paragraph (1), (2), or (3),

for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States

H. R. 4986—338

may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

"(d) ADDITIONAL DAMAGES.—After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

"(e) SPECIAL MASTERS.—

"(1) IN GENERAL.—The courts of the United States may appoint special masters to hear damage claims brought under this section.

"(2) TRANSFER OF FUNDS.—The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (42 U.S.C. 10603c), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

"(f) APPEAL.—In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this title.

"(g) PROPERTY DISPOSITION.—

"(1) IN GENERAL.—In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

"(A) subject to attachment in aid of execution, or execution, under section 1610;

"(B) located within that judicial district; and

"(C) titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

"(2) NOTICE.—A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

"(3) ENFORCEABILITY.—Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this title.

"(h) DEFINITIONS.—For purposes of this section—

"(1) the term 'aircraft sabotage' has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

"(2) the term 'hostage taking' has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

H. R. 4986—339

"(3) the term 'material support or resources' has the meaning given that term in section 2339A of title 18;

"(4) the term 'armed forces' has the meaning given that term in section 101 of title 10;

"(5) the term 'national of the United States' has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22));

"(6) the term 'state sponsor of terrorism' means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)), section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371), section 40 of the Arms Export Control Act (22 U.S.C. 2780), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

"(7) the terms 'torture' and 'extrajudicial killing' have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (28 U.S.C. 1350 note).".

(2) AMENDMENT TO CHAPTER ANALYSIS.—The table of sections at the beginning of chapter 97 of title 28, United States Code, is amended by inserting after the item relating to section 1605 the following:

"1605A. Terrorism exception to the jurisdictional immunity of a foreign state.".

(b) CONFORMING AMENDMENTS.—

(1) GENERAL EXCEPTION.—Section 1605 of title 28, United States Code, is amended—

(A) in subsection (a)—

(i) in paragraph (5)(B), by inserting "or" after the semicolon;

(ii) in paragraph (6)(D), by striking "; or" and inserting a period; and

(iii) by striking paragraph (7);

(B) by repealing subsections (e) and (f); and

(C) in subsection (g)(1)(A), by striking "but for subsection (a)(7)" and inserting "but for section 1605A".

(2) COUNTERCLAIMS.—Section 1607(a) of title 28, United States Code, is amended by inserting "or 1605A" after "1605".

(3) PROPERTY.—Section 1610 of title 28, United States Code, is amended—

(A) in subsection (a)(7), by striking "1605(a)(7)" and inserting "1605A";

(B) in subsection (b)(2), by striking "(5), or (7), or 1605(b)" and inserting "or (5), 1605(b), or 1605A";

(C) in subsection (f), in paragraphs (1)(A) and (2)(A), by inserting "(as in effect before the enactment of section 1605A) or section 1605A" after "1605(a)(7)"; and

(D) by adding at the end the following:

"(g) PROPERTY IN CERTAIN ACTIONS.—

"(1) IN GENERAL.—Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A, and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of—

H. R. 4986—340

"(A) the level of economic control over the property by the government of the foreign state;

"(B) whether the profits of the property go to that government;

"(C) the degree to which officials of that government manage the property or otherwise control its daily affairs;

"(D) whether that government is the sole beneficiary in interest of the property; or

"(E) whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

"(2) UNITED STATES SOVEREIGN IMMUNITY INAPPLICABLE.—Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act or the International Emergency Economic Powers Act.

"(3) THIRD-PARTY JOINT PROPERTY HOLDERS.—Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.".

(4) VICTIMS OF CRIME ACT.—Section 1404C(a)(3) of the Victims of Crime Act of 1984 (42 U.S.C. 10603c(a)(3)) is amended by striking "December 21, 1988 with respect to which an investigation or" and inserting "October 23, 1983, with respect to which an investigation or civil or criminal".

(c) APPLICATION TO PENDING CASES.—

(1) IN GENERAL.—The amendments made by this section shall apply to any claim arising under section 1605A of title 28, United States Code.

(2) PRIOR ACTIONS.—

(A) IN GENERAL.—With respect to any action that—

(i) was brought under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104–208), before the date of the enactment of this Act,

(ii) relied upon either such provision as creating a cause of action,

(iii) has been adversely affected on the grounds that either or both of these provisions fail to create a cause of action against the state, and

(iv) as of such date of enactment, is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure,

that action, and any judgment in the action shall, on motion made by plaintiffs to the United States district court where the action was initially brought, or judgment in the action was initially entered, be given effect as if the action had

H. R. 4986—341

originally been filed under section 1605A(c) of title 28, United States Code.

(B) DEFENSES WAIVED.—The defenses of res judicata, collateral estoppel, and limitation period are waived—

(i) in any action with respect to which a motion is made under subparagraph (A), or

(ii) in any action that was originally brought, before the date of the enactment of this Act, under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104–208), and is refiled under section 1605A(c) of title 28, United States Code,

to the extent such defenses are based on the claim in the action.

(C) TIME LIMITATIONS.—A motion may be made or an action may be refiled under subparagraph (A) only—

(i) if the original action was commenced not later than the latter of—

(I) 10 years after April 24, 1996; or

(II) 10 years after the cause of action arose; and

(ii) within the 60-day period beginning on the date of the enactment of this Act.

(3) RELATED ACTIONS.—If an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104–208), any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code, if the action is commenced not later than the latter of 60 days after—

(A) the date of the entry of judgment in the original action; or

(B) the date of the enactment of this Act.

(4) PRESERVING THE JURISDICTION OF THE COURTS.—Nothing in section 1503 of the Emergency Wartime Supplemental Appropriations Act, 2003 (Public Law 108–11, 117 Stat. 579) has ever authorized, directly or indirectly, the making inapplicable of any provision of chapter 97 of title 28, United States Code, or the removal of the jurisdiction of any court of the United States.

(d) APPLICABILITY TO IRAQ.—

(1) APPLICABILITY.—The President may waive any provision of this section with respect to Iraq, insofar as that provision may, in the President's determination, affect Iraq or any agency or instrumentality thereof, if the President determines that—

(A) the waiver is in the national security interest of the United States;

(B) the waiver will promote the reconstruction of, the consolidation of democracy in, and the relations of the United States with, Iraq; and

(C) Iraq continues to be a reliable ally of the United States and partner in combating acts of international terrorism.

H. R. 4986—342

(2) TEMPORAL SCOPE.—The authority under paragraph (1) shall apply—
    (A) with respect to any conduct or event occurring before or on the date of the enactment of this Act;
    (B) with respect to any conduct or event occurring before or on the date of the exercise of that authority; and
    (C) regardless of whether, or the extent to which, the exercise of that authority affects any action filed before, on, or after the date of the exercise of that authority or of the enactment of this Act.

(3) NOTIFICATION TO CONGRESS.—A waiver by the President under paragraph (1) shall cease to be effective 30 days after it is made unless the President has notified Congress in writing of the basis for the waiver as determined by the President under paragraph (1).

(4) SENSE OF CONGRESS.—It is the sense of the Congress that the President, acting through the Secretary of State, should work with the Government of Iraq on a state-to-state basis to ensure compensation for any meritorious claims based on terrorist acts committed by the Saddam Hussein regime against individuals who were United States nationals or members of the United States Armed Forces at the time of those terrorist acts and whose claims cannot be addressed in courts in the United States due to the exercise of the waiver authority under paragraph (1).

(e) SEVERABILITY.—If any provision of this section or the amendments made by this section, or the application of such provision to any person or circumstance, is held invalid, the remainder of this section and such amendments, and the application of such provision to other persons not similarly situated or to other circumstances, shall not be affected by such invalidation.