UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DARYAL V. CLAY, *et al.*, ) |  |  |
|  ) |  |  |
| *Plaintiffs*, ) |  |  |
|  ) |  |  |
| v. ) | 1:06-cv-00707-RWR |  |
|  ) |  |  |
| SOCIALIST PEOPLE'S LIBYAN ARAB ) |  |  |
| JAMAHIRYA, *et al.*, ) |  |  |
|  ) |  |  |
| *Defendants*. ) |  |  |

**THE LIBYAN STATE DEFENDANTS' LOCAL CIVIL
RULE 56.1 COUNTER-STATEMENT OF DISPUTED MATERIAL FACTS**

Defendants, the Socialist People's Libyan Arab Jamahiriya and the Jamahiriya Security Organization (the "Libyan State Defendants") respectfully submit this Counter-Statement of Disputed Facts pursuant to Federal Rule of Civil Procedure 56, Local Civil Rule 7(h) and 56.1 and in response to Plaintiffs' Statement of Undisputed Facts ("Plaintiffs' Statement"), and state as follows:

**GENERAL OBJECTIONS**

The Libyan State Defendants object to each and every purported undisputed fact in the Plaintiffs' Statement because Plaintiffs have not satisfied the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. Specifically, Plaintiffs have not presented "[s]worn or certified copies of all papers or parts thereof referred to." Plaintiffs rely instead upon unsworn, unauthenticated, and/or excerpted copies of documents. Further, Plaintiffs submit numerous affidavits that are not based upon personal knowledge and fail to attach the documents relied upon in those affidavits.

## SPECIFIC RESPONSES TO PLAINTIFFS' STATEMENT OF PURPORTED MATERIAL UNDISPUTED FACTS

1.  Disputed. Plaintiffs' sole support for their claim is their allegation in the unverified Amended Complaint. This is insufficient evidence to support a motion for summary judgment. *Gallucci v. Schaffer*, 507 F. Supp. 2d 85, 92 (D.D.C. 2007) (holding that unverified complaint and pleadings "are accorded no evidentiary weight in deciding a summary judgment motion . . ."). Because the bare allegations of the Amended Complaint are insufficient support for a motion for partial summary judgment, Plaintiffs have failed to discharge their burden to prove their claims. *Bias v. Advantage Int'l, Inc.*, 905 F.2d 1558, 1561 (D.C. Cir. 1990) ("Once the moving party has carried its burden, the responsibility *then* shifts to the nonmoving party to show that there is, in fact, a genuine issue of material fact.") (emphasis added). The Libyan State Defendants further state that discovery is required to ascertain the requisite element of causation for Plaintiffs' tort claims. Defs.' Opp. at 27. The Libyan State Defendants also dispute Plaintiffs' use of the term "attempted extrajudicial killing" as a grounds for liability as that term is not found in Section 1605A of the Foreign Sovereign Immunities Act of 1976 ("FSIA").

2.  Disputed. Plaintiffs' sole support for the statements concerning alleged liability contained in Paragraph 2 of Plaintiffs' Statement is the allegations in the Amended Complaint. This is insufficient evidence to support a motion for summary judgment. *Gallucci*, 507 F. Supp. 2d at 92. Because the bare allegations of the Amended Complaint are insufficient support for a motion for partial summary judgment, Plaintiffs have failed to discharge their burden to prove their claims. *Bias*, 905 F.2d at 1561.

3.  Disputed. Plaintiffs' sole support for the statements contained in Paragraph 3 of Plaintiffs' Statement is the allegations in the Amended Complaint. This is insufficient evidence to support a motion for partial summary judgment. *Gallucci*, 507 F. Supp. 2d at 92. Because the

2

bare allegations of the Amended Complaint are insufficient support for a motion for partial summary judgment, Plaintiffs have failed to discharge their burden to prove their claims. *Bias*, 905 F.2d at 1561.

4. Disputed. Plaintiffs' sole support for the statements contained in Paragraph 4 of Plaintiffs' Statement is the allegations in the Amended Complaint. This is insufficient evidence to support a motion for partial summary judgment. *Gallucci*, 507 F. Supp. 2d at 92. Because the bare allegations of the Amended Complaint are insufficient support for a motion for partial summary judgment, Plaintiffs have failed to discharge their burden to prove their claims. *Bias*, 905 F.2d at 1561. In addition, discovery is required regarding the alleged involvement of Souad Chraidi, Yasser Chraidi, Ali Chanaa, and Verena Chanaa. *See* Declaration of Nicole E. Erb dated April 15, 2008 ("Erb Decl.") at ¶ 2.

5. Disputed. Plaintiffs' sole support for the statements contained in Paragraph 5 of Plaintiffs' Statement is the allegations in the Amended Complaint. This is insufficient evidence to support a motion for partial summary judgment. *Gallucci*, 507 F. Supp. 2d at 92. Because the bare allegations of the Amended Complaint are insufficient support for a motion for partial summary judgment, Plaintiffs have failed to discharge their burden to prove their claims. *Bias*, 905 F.2d at 1561. In addition, discovery is required regarding the alleged involvement of Verena Chanaa and Andrea Hausler. *See* Erb Decl. at ¶ 2. It is further noted that Ms. Hausler was acquitted of the charges based on her alleged involvement in the La Belle bombing. *See* Pls.' Ex. 1(a) at 6.

6. Disputed to the extent that the statement contained in Paragraph 6 suggests any liability on the part of the Libyan State Defendants. The Libyan State Defendants further state

that the statements are admitted to the extent that the information about the deaths and injuries resulting from the La Belle bombing is publicly known information.

7. Disputed. Plaintiffs' sole support for the statements contained in Paragraph 7 of Plaintiffs' Statement is the allegations in the Amended Complaint. This is insufficient evidence to support a motion for partial summary judgment. *Gallucci*, 507 F. Supp. 2d at 92. Because the bare allegations of the Amended Complaint are insufficient support for a motion for partial summary judgment, Plaintiffs have failed to discharge their burden to prove their claims. *Bias*, 905 F.2d at 1561. In addition, the telex communications referred to in Paragraph 7 are not sufficiently identified. To the extent that this Paragraph could be interpreted as referring to other telex communications in Plaintiffs' submission, those documents are not properly authenticated and do not otherwise comport with Rules 1002 or 1004 of the Federal Rules of Evidence. Discovery is thus required as to the alleged telex communications. *See* Erb Decl. at ¶ 2.

8. Disputed. Major General John H. Mitchell's nearly 12-year-old statement is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence, not subject to any exception. The statement cannot be relied upon for summary judgment purposes. *See* Defs.' Opp. at 23 (citing *Gleklen v. Democratic Cong. Campaign Comm.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)). General Mitchell's statement also contains embedded hearsay subject to the double hearsay rule in violation of Federal Rule of Evidence 805, *see* Defs.' Opp. at 23, and fails to provide, much less identify or even describe, any of the written documents upon which General Mitchell's statements rely. *See* Defs.' Opp. at 23 (citing Fed. R. Civ. P. 56(e), Charles Alan Wright & Arthur R. Miller, 10B *Federal Practice and Procedure 3d* § 2722 (2008), *Wash. Post Co. v. Keogh*, 365 F.2d 965, 971 (D.C. Cir. 1966), and *N.D. State Univ. v. United States*, 255 F.3d 599, 607-08 (8th Cir. 2001)). Moreover, General Mitchell states that he has relied, at least

in part, on a "source of undetermined reliability" thereby casting further doubt on the credibility of his statement. Pls.' Ex. 10, Mitchell Statement at ¶ 6.

    9.    Disputed. Plaintiffs' sole support for the statements contained in Paragraph 9 of Plaintiffs' Statement is the allegations in the Amended Complaint. This is insufficient evidence to support a motion for partial summary judgment. *Gallucci*, 507 F. Supp. 2d at 92. Because the bare allegations of the Amended Complaint are insufficient support for a motion for partial summary judgment, Plaintiffs have failed to discharge their burden to prove their claims. *Bias*, 905 F.2d at 1561. The Libyan State Defendants further state that the September 10, 1996 confession of Eter is unauthenticated and inadmissible hearsay. Moreover, the Berlin District Court deemed Eter's confessions inadmissible on the grounds that he was deceived into rendering them. *See* Decision of the Federal Supreme Court dated June 24, 2004 at p. 4-5 (affirming trial court's decision to exclude Eter's confessions), attached to the Erb Decl. as Exhibit 2.

    10.    Disputed. Plaintiffs' sole support for the statements contained in Paragraph 10 of Plaintiffs' Statement is the allegations in the Amended Complaint. This is insufficient evidence to support a motion for partial summary judgment. *Gallucci*, 507 F. Supp. 2d at 92. Because the bare allegations of the Amended Complaint are insufficient support for a motion for partial summary judgment, Plaintiffs have failed to discharge their burden to prove their claims. *Bias*, 905 F.2d at 1561. The Libyan State Defendants further state that the statements contained in Paragraph 10 regarding Al-Qadhafi's alleged admission to Mr. Steiner as to Libya's alleged role in the La Belle bombing are based on an unverified and unauthenticated cable communication from the German Ambassador to the United States. Moreover, the statements constitute double-hearsay and are, therefore, inadmissible.

11. Disputed. The Libyan State Defendants further state that to the extent that Plaintiffs are implying that the Court should adopt for itself the decision of the Berlin court, the Libyan State Defendants were not parties to that case, and thus no preclusive effect should attach. In addition, it should be noted that the Berlin decision explicitly did not make a finding of any agency relationship between the acts in question and Libya, and thus cannot be relied upon to support such a finding. *See* Defs.' Opp. at 11 (citing the Berlin decision). Moreover, the Berlin Decision itself notes disputed facts as to the status of the accused individuals as agents of Libya. Specifically, the Berlin Decision notes testimony was proffered by witnesses, including from Elamin and Keshlaf that casts doubt on the capacity in which the accused persons allegedly acted in carrying out the La Belle bombing. Thus, discovery is required regarding Plaintiffs' purported statement of undisputed facts contained in Paragraph 11. *See* Erb Decl. at ¶ 2. Finally, the Affidavit of Andreas Schulz fails to meet the requirements of Fed. R. Civ. P. 56(e) in that it is not based upon personal knowledge nor does it attach complete copies of the writings to which it refers.

12. Same as response to Paragraph 11.

13. Disputed for the same reasons as in the response to Paragraph 11. In addition, the testimony of Elamin on the topic is inadmissible as he asserted no knowledge of a secret service agent. Furthermore, his testimony, along with the testimony of Ernst, Mashkeund, and Dr. Stuchly is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence, not subject to any exception. Thus it may not be relied upon for summary judgment purposes. *See* Defs.' Opp. at 16 (citing *Gleklen*, 199 F. 3d at 1369). Furthermore, because the testimony of the four witnesses relies upon third-party statements, it includes hearsay within hearsay. *See* Defs.' Opp. at 16 (citing *Naples v. United States*, 344 F.2d 508, 511 (D.C. Cir. 1964), *overruled in part*

*on other grounds in Fuller v. United States*, 407 F.2d 1199 (D.C. Cir. 1967) and *Winder v. Erste*, 511 F. Supp. 2d 160, 181 (D.D.C. 2007)).

14. Disputed for the same reasons as in the response to Paragraph 11. Furthermore, the Berlin criminal court's interpretation of the testimony of Eter is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence, not subject to any exception. Thus it may not be relied upon for summary judgment purposes. Because Eter's testimony (rather the Berlin court's interpretation of that testimony) relies upon third-party statements, it includes hearsay within hearsay.

15. Disputed for the same reasons as in the response to Paragraph 14, including the incorporated reference to Paragraph 11.

16. Disputed for the same reasons as in the response to Paragraph 14, including the incorporated reference to Paragraph 11.

17. Disputed for the same reasons as in the response to Paragraph 11. Furthermore, the Berlin criminal court's interpretation of the testimony of Ali Chanaa is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence, not subject to any exception. Thus it may not be relied upon for summary judgment purposes. Because his testimony (rather the Berlin court's interpretation of that testimony) relies upon the third-party statements of Chraidi, Eter, or unidentified staffers, it consists of hearsay within hearsay. In addition, to the degree Plaintiffs' claim that "Libya," in a legal sense, did anything, it must be disputed on the basis that the Berlin decision explicitly did not make a finding of any agency relationship between the acts in question and Libya, and thus cannot be relied upon to support such a finding.

18. Disputed for the same reasons as in the response to Paragraph 11. Furthermore, the testimony of Ali Chanaa and the unidentified "IMs" is inadmissible hearsay under Rules 801

and 802 of Federal Rules of Evidence, not subject to any exception. Thus it may not be relied upon for summary judgment purposes. Finally, the statement cited to by Plaintiffs only states that "there existed an urgent suspicion" that the "the attack had been planned and carried out by the [alleged] Secret Service resident." Such a statement is simply an opinion with no evidentiary value at this point. *See* Charles Alan Wright & Arthur R. Miller, 10B *Federal Practice and Procedure* § 2738 (2008) (noting the well-settled rule that "because opinion testimony always is subject to evaluation by the fact finder," it is not an appropriate basis for summary judgment) (footnote omitted). To the extent that Plaintiffs claim that the "Libyan Secret Service" in a legal sense, did anything, it must be disputed on the basis that the Berlin decision explicitly did not make a finding of any agency relationship between the acts in question and Libya, and thus cannot be relied upon to support such a finding.

19.     Disputed. Eter's statement is inadmissible hearsay under Federal Rules of Evidence 801 and 802, not subject to any exception. Thus it may not be relied upon for summary judgment purposes. Furthermore, discovery is necessary with respect to this statement, particularly because the testimony was deemed inadmissible. Finally, because the confession does not explain or provide the basis for Eter's conclusion, it does not qualify as a proper statement under Rule 56(e).

20.     Disputed. Eter's statement is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence, not subject to any exception. Thus it may not be relied upon for summary judgment purposes. In addition, because there is no indication that Eter had any personal knowledge of the origin of the alleged equipment or Abuga Kher, the statement is inadmissible under Rules 602 and 805 (prohibiting double hearsay) of the Federal Rules of Evidence. Discovery is necessary with respect to this statement, particularly because the

testimony was deemed inadmissible.  Finally, because the Berlin court found this confession to be inadmissible, it should be given no weight.

21.     Disputed.  Eter's statement is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence, not subject to any exception.  Thus it may not be relied upon for summary judgment purposes.  In addition, because there is no indication that Eter had any personal knowledge of the origin of any monies received by Verena or Ali Chanaa, the statement is inadmissible under Rules 602 and 805 (prohibiting double hearsay) of the Federal Rules of Evidence.  Discovery is necessary with respect to this statement, particularly because the testimony was deemed inadmissible.  Finally, because the Berlin court found this confession to be inadmissible, it should be given no weight.

22.     Disputed.  Eter's alleged confession is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence, not subject to any exception.  Thus it may not be relied upon for summary judgment purposes.  Furthermore, because the alleged confession relies upon the third-party statements of Keshlaf, it consists of hearsay within hearsay.

23.     Disputed.  The statement of Ambassador Chrobog is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence, not subject to any exception.  Thus it may not be relied upon for summary judgment purposes.  Furthermore, because this testimony relies upon the third-party statements of Steiner, it consists of inadmissible hearsay within hearsay.

24.     Disputed.  Plaintiffs have not proffered the original writing as required under Federal Rule of Evidence 1002.  In any event, Plaintiffs' dispute that such telexes were exchanged and thus question the authenticity of the alleged transcriptions of those communications provided by Plaintiffs.  Thus, discovery is necessary.  In addition, the unauthenticated arrest warrant is not admissible for the truth of the allegations therein.

25.     Disputed.  Plaintiffs have not proffered the original writing as required under Federal Rule of Evidence 1002.  In any event, Plaintiffs' dispute that such telexes were exchanged and thus question the authenticity of the alleged transcriptions of those communications provided by Plaintiffs.  Thus, discovery is necessary regarding the alleged telexes.

26.     Disputed to the degree that Plaintiffs imply Dr. Long's sworn statements are accurate.  The Libya State Defendants challenge, and do not concede, the admissibility of Dr. Long's statements, based on Rules 702 and 703 of the Federal Rules of Evidence.  Thus, discovery is necessary to test the truth and admissibility of Dr. Long's statements.  In any event, opinion testimony may not be relied upon to support summary judgment.

27.     Disputed.  Plaintiffs have not provided Ambassador Oakley's resume and/or Curriculum Vitae.  Plaintiffs' provided no admissible evidence or deposition testimony showing that "Libya and Libyan involvement in terrorism was a major issue to which [Ambassador Oakley] paid particular attention."  Thus, discovery is necessary to test the truth and admissibility of Ambassador Oakley's qualifications.

28.     Disputed to the degree that Plaintiffs imply Ambassador Oakley's sworn statements are accurate.  The Libya State Defendants challenge, and do not concede, the admissibility of Ambassador Oakley's statements, based on Rules of 702 and 703 of the Federal Rules Evidence.  Thus, discovery is necessary to test the truth and admissibility of Dr. Long's statements.  In any event, opinion testimony may not be relied upon to support summary judgment.

29. Disputed. President Reagan's April 14, 1986 statement is inadmissible hearsay under Rules of 801 and 802 of the Federal Rules of Evidence, not subject to any exception. It thus may not be relied upon for summary judgment purposes.

30. Disputed. President Reagan's April 16, 1986 letter is inadmissible hearsay under Federal Rules of Evidence 801 and 802, not subject to any exception. It thus may not be relied upon for summary judgment purposes.

31. Disputed. Larry Speakes's statements are inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence, not subject to any exception. They thus may not be relied upon for summary judgment purposes.

32. Disputed. Ronald Neumann's May 4, 2000 testimony is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence, not subject to any exception. It thus may not be relied upon for summary judgment purposes.

33. Disputed. The January 1988 State Department publication is a conclusory statement not entitled to any substantial weight. At minimum, the Libyan State Defendants are entitled to conduct discovery to ascertain the basis for the U.S. political conclusions as to Libya's responsibility for La Belle.

34. Disputed. Major General John H. Mitchell's nearly 12-year-old statement is inadmissible hearsay under Federal Rules of Evidence 801 and 802, not subject to any exception. It thus may not be relied upon for summary judgment purposes. Furthermore, even if General Mitchell's statement was not inadmissible hearsay, it contains inadmissible hearsay subject to the double hearsay rule in violation of Federal Rule of Evidence 805, and fails to provide, much less identify, or even describe, any of the written documents General Mitchell's statements rely upon. Moreover, General Mitchell states that he has relied, at least in part, on a "source of

undetermined reliability" thereby casting further doubt on the credibility of his statement.  Pls.' Ex. 10, Mitchell Statement at ¶ 6.

35. Disputed.  Lieutenant General Thomas Griffin, Jr.'s nearly 12-year-old statement is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence, not subject to any exception.  It thus may not be relied upon for summary judgment purposes.  Furthermore, even if General Griffin's statement was not inadmissible hearsay, it contains inadmissible hearsay subject to the double hearsay rule in violation of Federal Rule of Evidence 805, and fails to provide, much less identify or even describe, any of the written documents General Griffin's statements rely upon.

Dated:  April 15, 2008  Respectfully submitted,

**WHITE & CASE** LLP

/s/ Christopher M. Curran
Christopher M. Curran (D.C. Bar No. 408561)
Francis A. Vasquez, Jr.(D.C. Bar No. 442161)
Nicole E. Erb (D.C. Bar No. 466620)
701 Thirteenth Street, N.W.
Washington, DC 20005
Tel.: (202) 626-3600
Fax: (202) 639-9355

*Counsel for the Libyan State Defendants*