# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Daryal V. Clay : | |
| et al. : | |
| Plaintiffs : | |
| v. : | CV 06-0707 (RWR) |
| SOCIALIST PEOPLE'S LIBYAN : | |
| ARAB JAMAHIRIYA (Libya) : | |
| et al. : | |
| Defendants : | |

## PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' RECENT FILINGS AS UNTIMELY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

COME NOW the Plaintiffs, by and through Counsel, pursuant to Fed. R. Civ. P. 12(f) and hereby move this Court to strike the Defendants' Motion to Dismiss filed on April 11, 2008 and Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment filed on April 15, 2008, both filed over three weeks late, as untimely.

The time for Defendants to respond to Plaintiffs' Amended Complaint and Plaintiffs' Motion for Partial Summary Judgment has expired. While Defendants' only remedy now lies with a motion filed pursuant to Fed. R. Civ. P. 6(b)(1)(B), Defendants instead chose to file a "renewed" motion for an extension of time, which does not meet the explicit requirement under Fed. R. Civ. P. 6(b)(1)(B) for a showing of "excusable neglect."

1

Defendants' filings on April 11 and 15, 2008 were out-of-time without the corresponding motion required by the rules. Failing a proper motion filed pursuant to Fed. R. Civ. P. 6(b)(1)(B), the Court must find that all allegations contained within Plaintiffs' Amended Complaint are admitted as a result of Defendants' failure to timely file an Answer or otherwise respond. The Court must also grant Plaintiffs' Motion for Partial Summary Judgment unless Defendants are able to articulate "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B). Moreover, Defendants' filings do not offer sufficient cause, even under the lenient Fed. R. Civ. P. 6(b)(1)(A) "good cause" standard, to allow the Court to grant their "renewed" motion for an extension.

Should the Court grant Defendants' "renewed" motion for an extension of time, Plaintiffs request an order from the Court that their time to respond to the Defendants' two responses be calculated from the date of the Court's order on Defendants' "renewed" motion for an extension of time.

Plaintiffs state the following in support thereof:

### **PROCEDURAL HISTORY**

1. Plaintiffs' Amended Complaint was filed on March 3, 2008.
2. Pursuant to Fed. R. Civ. P. 15(a)(3), Defendants' response was due on March 17, 2008.
3. Plaintiffs filed a Motion for Partial Summary Judgment on March 13, 2008.
4. Pursuant to Local Rule 7(b), Defendants' response was due on March 24, 2008.

5. Defendants filed a motion for extension of time to file their two responses described-above on March 14, 2008.

6. The Court denied the motion for an extension of time on March 24, 2008 on the ground that "no good cause has been shown why all defense counsel cannot file a timely response to plaintiffs' amended complaint and motion for partial summary judgment."

7. On March 30, 2008, Defendants filed a "renewed" motion for an extension of time to file their two responses.

8. Defendants did not respond to the Amended Complaint in a timely manner: Defendants filed a Motion to Dismiss the Amended Complaint on April 11, 2008.

9. Defendants did not respond to Plaintiffs' Motion for Partial Summary Judgment in a timely manner: Defendants did not file an Opposition to Plaintiffs' Motion for Partial Summary Judgment until April 15, 2008.

## ARGUMENT

**I.     DEFENDANTS' FILINGS ARE LEGAL NULLITIES WITHOUT AN ACCOMPANYING FED. R. CIV. P. 6(b)(1)(B) MOTION, AS REQUIRED BY THE FEDERAL RULES**

Defendants' two filings were not timely filed and should be stricken on that basis. Federal Rule Civil Procedure 6(b)(1)(B) provides the standard by which a court is to be guided when a party requests an extension of time to file a pleading after the deadline to file has expired. *Biton v. Palestinian Interim Self-Government Auth.*, 239 F.R.D. 1, 5 (D.D.C. 2006). Defendants did not file their "renewed" motion for an extension of time to file until March 30, 2008, which is after the expiration of the deadline for both of their

3

responses. When the request for an extension is made after the deadline has passed, the court may extend the deadline only "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). *Id.* Defendants' "renewed" motion for an extension of time did not articulate cause under the excusable neglect standard or address it in any way.

Defendants are required under the rules to file a motion pursuant to Fed. R. Civ. P. 6(b)(1)(B) before the Court may accept out-of-time filings. A "post-deadline extension[] may be granted only 'for cause shown' and 'upon motion.'" *Smith v. District of Columbia*, 430 F.3d 450, 455 (D.C. Cir. 2005) (*quoting Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990)). Defendants did not file a motion and memorandum to support a request to file out-of-time, as required by Fed. R. Civ. P. 6(b)(1)(B). Instead Defendants filed a "renewed" motion for an extension of time in an effort to retain the Fed. R. Civ. P. 6(b)(1)(A) lesser standard of "good" cause" versus the Fed. R. Civ. P. 6(b)(1)(B) standard of excusable neglect.

The second motion for an extension of time to file is essentially a motion for reconsideration rather than the required Fed. R. Civ. P. 6(b)(1)(B) motion, which does not give either the Court or Plaintiffs an adequate basis to respond on the issue of timeliness of Defendants' two late filings. "Any post-deadline motion 'must contain a high degree of formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond.'" *Smith*, 430 F.3d at 455 (*quoting Lujan*, 497 U.S. at 896 n. 5). The Defendants' failure to file the required motion and insistence on arguing under a mere "good cause" standard does not give the Court the proper basis to exercise its discretion under rule 6(b)(1)(B). *See e.g.*, *Biton*, 239 F.R.D. at 3 (holding that

4

in the absence of any motion for an extension, the trial court [has] no basis on which to exercise its discretion and determine if excusable neglect exists). "There is no authority permitting Defendants to file the answer out of time and without excusable neglect." *Biton*, 239 F.R.D. at 5. Instead of attempting to articulate good cause under the excusable neglect standard, Defendants filed a "renewed" motion for an extension of time to file, which was essentially a rehash of their original motion for an extension of time to file.

For this reason, Defendants' renewed motion for an extension is facially insufficient. Defendants' second motion for an extension does not contain any new reasons for an extension not already mentioned in their first motion for an extension. The Court however denied the motion for an extension of time on March 24, 2008 on the ground that "no good cause has been shown why all defense counsel cannot file a timely response to plaintiffs' amended complaint and motion for partial summary judgment." If the first request did not articulate good cause, the second request must fail also because it does not contain any fresh reasons for the delay, other than meetings between Libyan officials and the U.S. State Department during the week of March 24, 2008. Considering Defendants' filings would have been timely filed on March 17 and March 24, meetings that occurred during the week of March 24, 2008 should not have created good cause to justify a delay in meeting the filing deadlines.

Accordingly, the Defendants' failure to file a timely response to Plaintiffs' Amended Complaint and Plaintiffs' Motion for Partial Summary Judgment is not ameliorated by the filing of a "renewed motion" for an extension of time to file. Defendants' filings are therefore legal nullities.

5

By failing to respond to the Complaint in accordance with the Federal Rules of Civil Procedure, the Defendants have admitted each of the factual allegations contained therein. Fed. R. Civ. P. 8(b)(6) provides "an allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and that allegation is not denied". Accordingly, by failing to timely respond to the Plaintiffs' First Amended Complaint, each of the factual allegations contained therein, should be deemed admitted by this Court.

Furthermore, Defendants have failed to timely respond to Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs' Motion for Partial Summary Judgment should therefore be granted unless Defendants can show, upon motion, excusable neglect.

Defendants' filings should be stricken, without prejudice, until the Court rules upon Defendants' "renewed" motion for an extension of time to file.

**II.    OR IN THE ALTERNATIVE TO START THE CALCULATION OF THE DEADLINE FOR PLAINTIFFS' RESPONSES TO DEFENDANTS' FILINGS TO THE DATE OF THE COURT'S ORDER ON DEFENDANTS' "RENEWED" MOTION FOR AN EXTENSION OF TIME TO FILE**

Should the Court grant Defendants' "renewed" motion for an extension of time, thereby allowing the Defendants' two out-of-time responses to be filed with the Court, Plaintiffs request that the Court order that their time to respond to the Defendants' two responses be calculated from the date of the Court's order on Defendants' "renewed" motion for an extension of time.

As the Court has not ruled on Defendants' "renewed" motion for an extension of time, and Plaintiffs believe it fails to make the showing required by Fed. R. Civ. P. 6(b)(1)(B) for a request to file out-of-time, Defendants' two filings are legal nullities that

do not require a response from Plaintiffs. Plaintiffs should not be forced to respond to Defendants' two filings as they are currently out-of-time and legal nullities. Plaintiffs' responses will create a significant imposition on counsel for Plaintiffs; requiring a great deal of effort and man hours that would be wasted should the Court deny the "renewed" motion for an extension of time. Counsel for Plaintiffs is not part of a gigantic world-wide law firm with enormous resources, as is counsel for Defendants.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that this Court (1) strike the two documents filed by the Libyan Defendants on April 11 and 15, 2008 has having been filed untimely, and without leave to file out-of-time, pending the Court's decision on Defendants' "renewed" motion for an extension of time to file; or in the alternative (2) order that should the Court grant Defendants' "renewed" motion for an extension of time to file; Plaintiffs' Opposition to Defendants' Motion to Dismiss is not due until 11 days after the Court rules on Defendants' "renewed" motion for an extension of time to file and Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment is not due until 5 days after the Court rules on Defendants' "renewed" motion for an extension of time to file.

A proposed Order is attached.

April 21, 2008   Respectfully Submitted,

/s/ **STEVEN R. PERLES**
Steven R. Perles (No. 326975)
Edward MacAllister   (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:    202-955-3806

Counsel for Plaintiffs