UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DARYAL V. CLAY, *et al.*, | ) | |
|     *Plaintiffs*, | ) ) ) | |
| v. | ) | 1:06-cv-00707-RWR |
| SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, *et al.*, | ) ) ) ) | |
|     *Defendants*. | ) ) | |

**THE LIBYAN STATE DEFENDANTS'**
**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION**
**TO STRIKE DEFENDANTS' RECENT FILINGS AS UNTIMELY**

The Libyan State Defendants respectfully submit this memorandum in opposition to Plaintiffs' Motion to Strike Defendants' Recent Filings as Untimely. Unfortunately, the Libyan State Defendants' request for a reasonable extension of time to accommodate their new counsel (replacing former counsel) has spawned extensive and duplicative motion practice ― even after the relevant filings have been made.

Plaintiffs' Motion to Strike is duplicative of their opposition to the Libyan State Defendants' Renewed Motion to Enlarge Times to Respond filed March 31, 2008 (Dkt. No. 45). The Libyan State Defendants have already addressed Plaintiffs' arguments in their reply memorandum in support of their Renewed Motion (Dkt. No. 46). In particular, the Libyan State Defendants submitted (Defs.' Reply at 1-2) that their Renewed Motion did not trigger the Rule 6(b) excusable neglect standard and that, even if it did, that standard was easily met. Plaintiffs' current motion fails to address either of these points. The Libyan State Defendants rest on their Renewed Motion and memoranda in support thereof.

Furthermore, Plaintiffs cannot satisfy the standards for a motion to strike under Rule 12(f). Under Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 474 F. Supp. 2d 75, 79 (D.D.C. 2007) (denying Rule 12(f) motion to strike). A Rule 12(f) motion is considered an "exceptional remedy" and is disfavored. *Id*. As such, the movant's burden is "formidable." *Id*. (citing *Judicial Watch, Inc. v. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004)). Far from being insufficient, redundant, immaterial, impertinent or scandalous, the Libyan State Defendants' Motion to Dismiss and Opposition to Plaintiffs' Motion for Partial Summary Judgment (Dkt. Nos. 47 & 48) raise important, substantive issues that warrant the Court's consideration in this case. Indeed, Plaintiffs effectively acknowledge the genuine substance of the Libyan State Defendants' filings when Plaintiffs assert that their own responses to those filings will "require[e] a great deal of effort and man hours[.]" Pls.' Mot. at 7.

A Rule 12(f) motion is particularly inappropriate here, where the Libyan State Defendants are actively defending themselves and have raised the defense of foreign sovereign immunity. *See* 28 U.S.C. § 1608(e) (requiring findings of actual liability even where foreign state has defaulted); *Practical Concepts, Inc. v. Republic of Bol.*, 811 F.2d 1543, 1552 (D.C. Cir. 1987) ("When a defendant foreign state has appeared and asserts legal defenses, albeit after a default judgment has been entered, it is important that those defenses be considered carefully and, if possible, that the dispute be resolved on the basis of [] all relevant legal arguments."); *Owens v. Republic of Sudan*, 374 F. Supp. 2d 1, 8 (D.D.C. 2005) (vacating default judgment against Sudan and noting that "the D.C. Circuit has stressed that an entry of default should not be applied inflexibly to deny a willing foreign state the opportunity to offer a full defense to an FSIA action"). Indeed, the defense of foreign sovereign immunity is considered of such

importance that a 60-day period to respond to an action served under 28 U.S.C. § 1608 is afforded as an accommodation to a foreign state. *See* 28 U.S.C. § 1608(d). The Libyan State Defendants requested less than this time to respond to Plaintiffs' Amended Complaint, which was filed under the complex new amendments to the Foreign Sovereign Immunities Act, and to Plaintiffs' Motion for Partial Summary Judgment.

Plaintiffs' present motion seeks to exploit what began as the Libyan State Defendants' request to replace their former counsel and to obtain an enlargement of time to accommodate that situation. The Libyan State Defendants' former counsel formally withdrew from this action on March 27, 2008. Out of deference to this Court and to avoid unnecessary delay in these proceedings, new counsel worked diligently to prepare and file as expeditiously as possible the submissions for which enlargements of time were requested. There is no cognizable prejudice to Plaintiffs, nor have Plaintiffs articulated any.

For the foregoing reasons, the Libyan State Defendants respectfully request that Plaintiffs' Motion to Strike be denied. A proposed order accompanies this opposition.

Dated: April 23, 2008                                   Respectfully submitted,

**WHITE & CASE** LLP

/s/ Christopher M. Curran
Christopher M. Curran (D.C. Bar No. 408561)
Francis A. Vasquez, Jr.(D.C. Bar No. 442161)
Nicole E. Erb (D.C. Bar No. 466620)
701 Thirteenth Street, N.W.
Washington, DC 20005
Tel.: (202) 626-3600
Fax: (202) 639-9355

*Counsel for the Socialist People's Libyan Arab Jamahiriya and the Jamahiriya Security Organization*